SCHOTT, Chief Judge.
Defendant was convicted of aggravated battery (R.S. 14:34) on his wife and sentenced to ten years. Subsequently he was resentenced as a second offender under the Habitual Offender Law to ten years. By his sole assignment of error he contends the sentence was excessive.
On March 1, 1988 defendant got into a fight with his wife’s uncle inside the couple’s home. The wife tried to stop the fight and he attacked her with a screwdriver. She ran into the bedroom, shut the door and tried to barricade it. He punctured the door with the screwdriver and stabbed her several times in the head, jaw, arm and back. She ran out of the apartment, called the police, and went to the hospital for treatment.
At the sentencing hearing the district attorney had this to say about defendant’s previous conviction for manslaughter in 1982: He stabbed to death his mother’s live-in companion, and when the police arrived they found him in the kitchen of the home eating a sandwich and he directed the police to the body. For this offense he was sentenced to seven years, his last two years were suspended and he had completed his probation just three months before committing the present offense. He also *491 previously pled guilty to simple criminal damage of property and had been arrested in the past for aggravated battery and simple burglary.
The trial judge’s extensive reasons for the sentence demonstrate that he meticulously complied with and followed the sentencing guidelines prescribed by C.Cr.P. art. 894.1. They also demonstrate that the sentence of ten years for the defendant who, under the Habitual Offender Statute, faced a minimum of 3.3 years and a maximum of 20 years was not excessive.
An examination of the record for errors patent .reveals none.
AFFIRMED.